USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/29/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

-v-

TRUSTY CAPITAL, INC.,

Defendant.

Case No. 06-CV-8170 (KMK)

ORDER

MISC 07 0013

KENNETH M. KARAS, District Judge:

Before this Court is the Amended Complaint by the United States of America, on behalf of the United States Small Business Administration ("SBA"), for a permanent injunction and the appointment of the SBA as Permanent Receiver for Trusty Capital, Inc. ("Trusty"). The Court, being fully advised in the merits and for the reasons set for in an Opinion and Order dated January 5, 2007, believes this relief should be granted:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Pursuant to the provisions of 15 U.S.C. § 687c, this Court shall take exclusive jurisdiction of Trusty, and all of its assets, wherever located, and the United States Small Business Administration is hereby appointed receiver ("the Receiver") of Trusty to serve without bond until further order of this Court. The Receiver is appointed for the purpose of administering, marshaling and, if necessary, liquidating all of Trusty's assets to satisfy the claims of creditors therefrom in the order of priority as determined by this Court. In the event the SBA determines it necessary to retain the services of a non-SBA employee to act as a principal agent for the Receiver ("Principal Agent"), the Principal Agent shall have and maintain its primary

office in New York County, New York or Washington, DC. Defendant or other interested parties may challenge, via letter to the Court, the appointment of any Principal Agent by the Receiver.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the managers, officers, and directors of Trusty under applicable state and federal law and by the Charter, By-Laws and operating agreement, if any, of Trusty, in addition to all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The officers, managers, directors, employees, and agents of Trusty are hereby dismissed. Such persons shall have no authority with respect to Trusty's operations or assets, except as may hereafter be expressly granted by the Receiver; *provided, however*, that the Receiver is hereby directed to retain Mr. Yungduk Hahn, current President of Trusty, as a consultant who shall be paid by the Receiver at the rate of $125/hr for use of his services in collecting on loans issued by Trusty. The Receiver shall assume and control the operation of Trusty and shall pursue and preserve all of its claims.

3. The past and/or present officers, directors, agents, managers, accountants, attorneys and employees of Trusty, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of said corporation and all other assets and property of the corporation, whether real or personal. In order to effectively operate and administer the Receivership and the collection of funds due to Trusty, such books, records, documents, accounts and all other instruments and papers of Trusty shall be kept and maintained by the Receiver in New York County, New York or Washington, DC. Trusty shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of

Trusty as well as the names, addresses and amounts of claims of all known creditors of Trusty. All persons having control, custody or possession of any assets or property of Trusty are hereby directed to turn such property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, managers, employees, shareholders, creditors, debtors and agents of Trusty. All persons and entities owing any obligations or debts to Trusty shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver, and its receipt for such payments shall have the same force and effect as if Trusty had received such payments.

5. The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of Trusty, to utilize SBA personnel, and to employ such other personnel as necessary to effectuate the operation of the receivership including, but not limited to, attorneys and accountants, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or payments for expenses incidental to administration of the Receivership. However, Defendant, or other interested parties, may challenge, via letter to the Court, any disbursement exceeding $50,000. In addition, the Receiver is authorized to reimburse the SBA or its employees for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset, other than real estate, which would result in net proceeds to the Receiver.

6. Subject to prior approval of this Court, Trusty's past and/or present officers, directors, agents, managers, general partners, shareholders, employees, and other appropriate persons (including, without limitation, the defendant's portfolio of small business concerns and banks or other financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall, consistent with their constitutional rights, answer under oath, pursuant to a Receiver's Notice or Subpoena, to the Receiver, all questions which it may put to them regarding the business of said partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to Trusty. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other form of discovery concerning the assets, property or business assets of Trusty or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to Trusty, the Receiver shall direct notice for any such appearance by certified mail, and said persons shall appear and give answer to the Receiver, produce documents or submit to any other form of discovery in accordance with the Federal Rules of Civil Procedure.

7. The parties or prospective parties to any and all civil legal proceedings wherever located, including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions, default proceedings, or any other proceedings involving Trusty or any assets of Trusty, involving Trusty or its present or past officers, directors, managers, or general partners or the Receiver, sued for, or in connection with, any action taken by Trusty's officers, directors, managers, or general partners while acting in such capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, or with respect to any assets of Trusty, are enjoined from taking any

action, including discovery, commencing or continuing any legal proceeding of any nature in connection with any proceeding. However, proceedings in *In re SK New York LLC*, No. 05-12422 (Bankr. E.D.N.Y. filed Feb. 24, 2005), may continue, provided that the Receiver makes any and all decisions regarding the continued prosecution of the lawsuit.

8. All civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding, involving Trusty or any of its assets or any action of any nature taken by Trusty's present or past officers, directors, managers, or general partners sued for, or in connection with, any action taken by them while acting in their official capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. However, proceedings in *In re SK New York LLC*, No. 05-12422 (Bankr. E.D.N.Y. filed Feb. 24, 2005), may continue, provided that the Receiver makes any and all decisions regarding the continued prosecution of the lawsuit.

9. Trusty and its past and/or present directors, officers, managers, agents, employees and other persons acting in concert or participation therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and property of Trusty to the detriment of the Receiver, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. § 661, et seq., or the regulations promulgated thereunder at 13 C.F.R. part 107.

10. The Receiver is authorized to borrow on behalf of Trusty, from the SBA, up to

$250,000, and is authorized to cause Trusty to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Defendant, or any interested party, may challenge, via letter to the Court, any request for Certificates of Indebtedness exceeding $100,000. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of Trusty, excluding administrative expenses of the Receivership, whether presently existing or hereinafter incurred, including without limitation any claims of stockholders of Trusty.

11. This Court determines and adjudicates that Trusty has violated certain SBA Regulations as described more specifically in the Court's Opinion and Order dated January 5, 2007. After completing its activities in accordance with this Order, the Receiver may recommend to this Court that Trusty's license as an SBIC be revoked.

SO ORDERED.

Dated: January 29, 2007
New York, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE